## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

SHARON D. WOODWARD,  :
         :
   Claimant,   :
         :
v.          :  CASE NO. 3:11-CV-112-CAR-MSH
         :    Social Security Appeal
MICHAEL J. ASTRUE,   :
Commissioner of Social Security, :
         :
   Respondent.  :
_____

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for disability insurance benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d

1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.   *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).  A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. ▪ 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority

---

[1]      Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

given in the Social Security Act.  20 C.F.R. ▪ 404.1 *et seq.*

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. ▪ 404.1520(a)(4).  First, the Commissioner determines whether the claimant is working.  *Id.*  If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the AListing@).  *Id.*  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## Administrative Proceedings

Claimant applied for disability insurance benefits on August 24, 2007, alleging disability on January 5, 2007, due to fibromyalgia, osteoarthritis, enthesopathy, chronic headaches, chronic muscle spasms, cervical spondylosis, neck pain, osteoporosis, vitamin D deficiency, right arm weakness, parethesias, abnormal immunological system, GERD,

3

insomnia, peripheral neuropathy, and chronic sinus infections.  (Tr. 106; ECF No. 7.)

Claimant's application was denied, and Claimant timely requested a hearing before an

Administrative Law Judge ("ALJ").  The Claimant appeared before an ALJ for a hearing

on November 16, 2009, and following the hearing, the ALJ issued an unfavorable

decision on November 27, 2009.  (Tr. 18-27.)  The Appeals Council ultimately denied

Claimant's Request for Review on July 29, 2011.  (Tr. 1-3.)  This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case,

the ALJ determined that Claimant had not engaged in substantial gainful activity since

her alleged onset date.  (Tr. 18.)  The ALJ found that Claimant had cervical and lumbar

spondylosis and stenosis, degenerative disc disease, osteoarthritis, fibromyalgia, obesity,

and neuropathy.  (*Id.* at 20.)   The ALJ then determined that Claimant's severe

impairments did not meet or medically equal, either individually or any combination, any

one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (*Id.* at 21.)

The ALJ next found that Claimant had the residual functional capacity (RFC) to

perform light work as defined in 20 C.F.R. § 404.1527(b) with no more than occasional

climbing ladders, ropes and scaffolds, or stooping, kneeling, crouching or crawling; was

able to follow directions and recall new information; communicate adequately with

others; did not appear to be at risk for aggression toward others; was likely to work at an

average pace and not require significant supervision and was at moderate risk for

decompensating under stress.  (Tr. 22.)  The ALJ then determined that based on

Claimant's age of fifty-two, which was closely approaching advanced age, with her high

4

school/college education and her RFC, Claimant could perform her past relevant work as a receptionist. (*Id.* at 26.) With the assistance of the testimony of a vocational expert, the ALJ also listed several other jobs in the national economy that Claimant could perform. (*Id.*) Thus, the ALJ concluded that Claimant was not disabled.

## DISCUSSION

Claimant's sole issue alleges that the ALJ failed to properly apply the "pain standard" and improperly discredited Claimant's subjective allegations of pain without adequate explanation. (Cl.'s Br. 4; ECF No. 12.)

The Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, a claimant must show (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal citations omitted).The Eleventh Circuit has also held that:

> [W]here proof of a disability is based upon subjective evidence and a credibility determination is, therefore, a critical factor in the Secretary's decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to a specific credibility finding. . . . Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court.

*Foote v. Chater*, 67 F. 3d 1553, 1562 (11th Cir. 1995) (internal quotation marks and citation omitted). The ALJ is not required to recite the pain standard verbatim, but must make findings that indicate that the standard was applied. *See Wilson v. Barnhart*, 284

F.3d 1219, 1225–26 (11th Cir.2002) (per curiam) (holding that the ALJ did not err where his findings and discussion indicated that the three-part standard was applied and he cited to 20 C.F.R. § 404.1529).  Social Security Regulation 96-7p states in relevant part, that:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

Additionally, 20 C.F.R. § 416.929(a), in relevant part, states that:

> Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

In his Findings, the ALJ discussed Claimant's medical history and cited to medical evidence regarding the Claimant's allegations of the severity of her pain.  (Tr. 23-25.) The ALJ then referenced the pain standard.  *Id.*  The ALJ acknowledged the requirements and procedures he must follow in assessing Claimant's residual functional capacity, making specific reference to 20 C.F.R. § 404.1529 and Social Security Rulings 96-4p and 96-7p, as well as 20 C.F.R. § 404.1527 and Social Security Rulings 96-2p, 96-5p and 96-6p.  *Id.*  The record reveals that the ALJ considered Claimant's testimony, medical evidence provided by the Claimant, along with her functional restrictions, to find that her

6

allegations of pain were less than credible, and that the medical evidence of record did not support the severity alleged. *Id.*

The Eleventh Circuit requires the ALJ to "clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." *Dyer,* 395 F.3d at 1210. While "[t]he credibility determination does not need to cite particular phrases or formulations," it must sufficiently indicate that the ALJ considered the claimant's medical condition as a whole. *Id.*

In this case, the record reveals several inconsistencies between the medical records and Claimant's subjective allegations of pain. First, although Claimant testified that she could stand and sit for only ten to twenty minutes at a time respectively, treatment notes from her medical providers show that she was advised repeatedly to increase her exercise. (Tr. 240, 668, 284, 516.) Furthermore, although Claimant contends she quit working due to her disability, the record reveals that she and her employer agreed to let her resign on the same date because her employer reduce her hours and she could not complete her work within the reduced hour time frame. (Tr. 106.) Additionally, treatment notes from Dr. Walpert, a neurological surgeon, reveal that Plaintiff had cervical and lumbar disc disease, but nothing "compressing the cord enough to explain Plaintiff's complaints." (Tr. 270.) Claimant was also noted to be "feeling much better now, not on meds" after cervical epidural injections provided by Dr. Janene Holladay, MD, in January 2009. (Tr. 736.)

Applying the standard to this Claimant's pain allegations, the Court concludes that she failed to overcome the Findings of the ALJ by establishing either that the medical

evidence confirmed the severity of her pain or that her medical conditions were so severe as to reflect the alleged pain.  It is further found that the ALJ's credibility determination was in compliance with prevailing Eleventh Circuit law.  As noted above, the court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner, but must decide if the Commissioner applied the proper standards in reaching a decision.  Here, the ALJ applied the proper pain standard and supported his credibility assessment with substantial evidence in the record.

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is RECOMMENDED that the Commissioner's decision in this case be AFFIRMED.  Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this, the 26th day of November, 2012.

S/ STEPHEN HYLES
UNTED STATES MAGISTRATE JUDGE